(June 13, 1914.)

## L. W. CHANDLER and LETTIE LEE CHANDLER, Plaintiffs, v. THE PROBATE COURT FOR KOOTENAI COUNTY, State of Idaho, and Hon. BERT A. REED, Judge of the Said Court, Defendants.

[141 Pac. 635.]

SETTLEMENT OF ESTATE—POWER OF PROBATE COURT TO RELIEVE FOR EXCUSABLE NEGLECT—JURISDICTION OF PROPERTY IN DIFFERENT STATES—WHERE PROPERLY ADMINISTERED—SUBSEQUENTLY DISCOVERED PROPERTY.

1. Under sec. 4229, Rev. Codes, a probate court has jurisdiction and power to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

2. Application for such relief must be made within a reasonable time, not later than six months from the rendering of the decree, or the making of the order, or the occurrence of the proceeding sought to be set aside.

3. It is not the duty of an administrator of the estate of a deceased person to file with the probate court claims against the estate which have been rejected by him.

4. Under sec. 5600, Rev. Codes, it is the duty as well as the right of anyone opposed to the final settlement of an administrator's account and final distribution of the estate, in a case where the proper statutory notice is given, to appear in the probate court, file his exceptions in writing, and contest the same. If an interested party neglects to do this, he is not entitled to have the order settling the account and the decree of final distribution set aside under sec. 4229, Rev. Codes.

5. If a creditor whose claim is rejected by the administrator of an estate neglects to file his exceptions to the final account of the administrator and the petition for final distribution and to contest the same, and the court, after giving the proper statutory notice, settles said account and renders a decree of final distribution, such creditor, upon later bringing his action against the estate, is not entitled to have said order and decree set aside under sec. 4229, Rev. Codes, on the ground that no money has been paid into the probate court to cover his claim.

6. Where promissory notes owned by a deceased resident of a California county and secured by mortgage on real estate in an

Idaho county are duly administered in probate proceedings in the California county, and proceedings are later instituted in the probate court of an Idaho county to administer certain real estate situated in said county which the deceased owned at the time of his death, and the account of the Idaho administrator is settled and a final distribution of said real estate made by the Idaho court, the fact that the promissory notes were administered in the California court and were not included in the inventory or administered in the Idaho court is not ground for the Idaho court, upon petition of a creditor, to set aside the order settling the account and the final decree of distribution.

7.    Where certain property belonging to the deceased is not administered in probate proceedings, and the fact is not discovered until a final decree of distribution has been entered, the final decree should not for this reason be set aside on application of a creditor or party interested. The proper remedy is furnished by sec. 5650, Rev. Codes, which provides for the subsequent issuance of letters testamentary whenever other property of the deceased is discovered.

Application for writ of *mandamus* to compel the judge of the probate court of Kootenai county to set aside an order settling the final account of an administrator and a decree of final distribution. Alternative writ quashed.

Jas. H. Frazier, for Plaintiffs.

Probate courts have equity powers to set aside final settlements on the ground of fraud, mistake or accident. (*Sellew's Appeal*, 36 Conn. 186; *Ayer v. Messer*, 59 N. H. 279; *Pew v. Hastings*, 1 Barb. Ch. (N. Y.) 452; *Smith v. Rix*, 9 Vt. 240; *Adams v. Adams*, 21 Vt. 162.) The power is conferred by statute in the following cases: *Williams v. Price*, 11 Cal. 212; *Estate of Cahalan*, 70 Cal. 604, 12 Pac. 427; *Dillman v. Barber*, 114 Ind. 403, 16 N. E. 825; *Smith v. Dutton*, 16 Me. 308; *Stetson v. Bass*, 9 Pick. (Mass.) 27; *McCollom v. Box*, 8 Smedes & M. (Miss.) 619; *Engle v. Crombie*, 21 N. J. L. 614; *Matter of Tilden*, 98 N. Y. 434; *Meckel's Appeal*, 112 Pa. 554, 4 Atl. 447.

Bert A. Reed and C. H. Potts, for Defendants, file no brief.

McCARTHY, District Judge.—On February 2, 1914, the defendant, as probate judge of Kootenai county, rendered a

final decree of distribution and made an order of discharge of the administrator in the matter of the estate of Frederick J. Johnson, deceased. On March 24, 1914, the petitioners in this case filed a petition in said probate court for the purpose of setting aside said order and decree. The material facts set forth in said petition are as follows:

1. That Frederick J. Johnson, deceased, died on or about February 23, 1913, at Santa Cruz, California, leaving an estate within Kootenai county, Idaho; that he left a will which was admitted to probate in Kootenai county, and P. W. Johnson was appointed administrator.

2. That final decree of distribution in said estate was **made** by the probate court of Kootenai county on February 2, 1914, at which time the estate was closed and the administrator released.

3. That said estate was illegally and fraudulently closed in that the following property owned by the deceased **was** not included in the inventory nor probated in said proceedings, to wit: A note for $1,000 given to deceased by Leonard and Ida McCrea, secured by mortgage on real estate in Kootenai county; a note for $1,500 given by the same parties to deceased, secured in the same way; and an unsecured note for $250 given by one Herman Hansen to deceased; that the first two named notes were fraudulently included in the inventory filed in certain proceedings (presumably probate proceedings) in Santa Cruz county, state of California; that the $250 note was paid during the administration of the estate in Kootenai county to Edward G. Johnson, the sole heir; that said $250 note was not included in said probate proceedings in California or in Idaho.

4. That said deceased was at the time of his death, and still is, indebted to the petitioners in the sum of $2,860.53, with legal interest thereon from March 12, 1911; that said claim was duly presented to the administrator; that said administrator failed and refused to approve or reject said claim and that said claim was deemed rejected on December 25, 1913; that within three months from said date petitioners

filed suit in the district court of the eighth judicial district for Kootenai county on said claim.

5. That the administrator and one Edward G. Johnson, the sole heir under said will, knew that the property of the deceased was worth more than the sum of $700, and that they caused and allowed to be included in the inventory of the deceased's property filed in the probate court of Kootenai county, property to the value of only $700, excluding the promissory notes mentioned, and caused the first two promissory notes mentioned to be included in the property of the estate in California; that they did this fraudulently for the purpose of closing the estate in Kootenai county out of due course and to prevent the petitioners from the recovery of their claim.

6. It inferentially appears from the petition that no money was reserved by the probate court to cover the petitioners' claim.

The petition filed in this court, and upon which the alternative writ of mandate was issued, contains practically the same allegations as those contained in the petition filed in the probate court and outlined above; it expressly alleges that no money was reserved by the probate court to cover the petitioners' claim; that the petitioners did not know that said estate had been probated in California and did not know of the payment or existence of the $250 note at the time the estate was closed, and did not receive actual notice of the intention to close said estate.

The petition then goes on to allege that the petition, which is outlined above, was filed in said probate court, that the probate judge refuses to issue any citations for the purpose of having a hearing on said petition, and refuses to reopen said estate or set aside said order and decree.

Upon this petition an alternative writ of mandate issued out of this court. To the petition, and in response to the writ, defendant filed a demurrer and answer. No evidence was taken; the only question now before this court is whether the demurrer should be overruled or sustained.

If a very narrow view were taken of this matter, it might be considered that the only question before the court is whether or not the defendant should be compelled by mandate to make an order in response to the petition filed by the petitioners. We are not disposed to take such a narrow view of the case for the following reasons: First, the question as to whether or not the petition sets up a meritorious case was argued before us on the merits, the petitioners themselves asking this court to command the said probate judge to set aside said decree and order; second, if the probate judge were ordered to make an order of record, he would undoubtedly make an order denying the petition. It seems that such order would not be appealable. (Sec. 4831, Rev. Codes.) There is no provision for an appeal from an order of the probate court made subsequent to the closing of the estate. The matter being squarely before us on the merits, it might as well be squarely passed upon at this time.

The petitioners claim that the probate court has jurisdiction and power, under sec. 4229, Rev. Codes, to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. We think that under this statute the probate court has such jurisdiction and power. The statute provides that this power cannot be exercised after the expiration of six months from the adjournment of the term at which the judgment was rendered. Terms of the probate court have been abolished in this state. (Sec. 4833, Rev. Codes, as amended by chap. 96, Sess. Laws 1911, p. 340.) The statute says, however, that the application must be made within a reasonable time. We think the maximum reasonable time would be six months from the rendering of the decree or the making of the order sought to be set aside.

While generally basing their right to relief upon the provision of sec. 4269, Rev. Codes, the petitioners set up three specific grounds for relief: 1st, because their claim was a disputed one, and no property or money was reserved in court for the payment of the same; 2d, because the $1,000 and

$1,500 promissory notes were fraudulently probated in Santa Cruz county, California, instead of being probated in Kootenai county; 3d, because the $250 note was not included either in the probate proceedings in Kootenai county or California.

We will take up these matters in the order just above named.

Sec. 5611, Rev. Codes, provides that if there is any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established or absolute, must be paid into the court and there remain to be paid over to the party when he becomes entitled thereto. A claim which has been rejected by the administrator need not be reported by him to or filed by him in the probate court. (Secs. 5466, 5467 and 5593, Rev. Codes.) It is only claims which have been allowed which must be filed in the probate court.

Sec. 5468, Rev. Codes, provides that when a claim is rejected either by the executor, administrator or probate judge, the holder must bring suit in the proper court within three months after the date of the rejection, if it be then due. Secs. 5598 and 5599, Rev. Codes, provide for the notice which must be given of a hearing upon a petition for settlement of the administrator's account and for decree of final settlement and distribution. Such notice was duly given in this case. Sec. 5600 provides that on the day appointed any person interested in the estate may appear and file his exceptions in writing to the account and contest the same. Sec. 5602 provides that the settlement of the account and the allowance thereof by the court is conclusive against all persons in any way interested in the estate. The petitioners' claim was rejected by operation of law on December 25, 1913, the notice of petition for final distribution was given on January 21, 1914, and the petitioners failed to except to or object to the petition for final distribution.

Since there is no provision of law which makes it the duty of the administrator to file with the probate court claims rejected by him, since the probate judge cannot be supposed

to act upon matters which are not presented to him in his judicial capacity, since he cannot be expected to hold in court money for the payment of any claim when he has no knowledge that it is disputed, since under the provisions of sec. 5600, Rev. Codes, any parties interested in the estate may object to the final settlement, for these reasons we think that it was incumbent upon the petitioners, who, in common with everybody else, had the only notice of the hearing on the petition for final settlement which was required by law and which was furnished by the probate judge, to appear in the probate court and file their exceptions or make their objections. We think this is the intent of the statutes which we have just reviewed. Since the petitioners neglected to do this, how can they contend that this proceeding was taken against them through their excusable neglect? They knew whether or not they were going to dispute the action of the administrator in failing to allow their claim; they knew that the settlement of the estate was pending in the probate court; they had statutory notice of the petition for final settlement. Under these circumstances their failure to keep track of the proceedings and file their exceptions was such a failure to protect themselves in the way provided by law as constitutes laches, and prevents them from now pleading that the proceedings were taken against them through excusable neglect.

The second ground relied upon is the failure to include the $1,000 and $1,500 notes in the probate proceedings in Idaho and the including of them in the probate proceedings in California. The promissory notes are personal property, even though they happen to be secured by mortgage on real estate.

Petitioners' case inevitably involves an attack upon the proceedings in California. Aside from the grave question as to whether or not an attack may be made upon the decree of the probate court in California by means of a petition to set aside a decree in the probate court in Idaho, we cannot see that any valid ground of attack upon the decree or proceedings of the California court would be stated in this petition, even if the method selected were a proper one. While the brief contains several statements to the effect that the

deceased was a resident of Kootenai county for several years and up to within a few months of his death, there is no allegation in the petition that the deceased was a resident of Kootenai county at the time of his death. On the other hand, the petition alleges that the deceased died at Santa Cruz, California, leaving an estate in the county of Kootenai. (Par. 2 of the petition filed in the probate court and par. 5 of petition filed in this court.) Said allegations are consistent with the supposition that he was a resident of Santa Cruz at the time of his death. If he were, the proceedings had there were entirely legal and valid against any attack of the sort attempted to be made here.

Under such circumstances it would be only the fact that the deceased owned real estate in Kootenai county which would make it necessary to administer said estate in the probate court of said county, and such administration would have to be had only to the extent of such real estate, which was just what was done in this case. (Secs. 5290, 5351 and 5628, Rev. Codes.)

So far as the allegations of the petition show, the proceedings in California were entirely lawful. The administrator and heir had a right to do just what they did, and this second ground of attack is without foundation. This being so, the plaintiffs cannot base their claim for relief on said ground. Admitting that they did not know about the proceedings in California or the existence of the notes up to the time that the estate was closed in Idaho, such fact is immaterial, because even if they had known these facts, they would not have availed to prevent the closing of the estate.

The third point raised is that there was property which was not probated in Kootenai county or in California. Reference is undoubtedly made to the $250 note. Sec. 5650 provides for the subsequent issuance of letters testamentary whenever other property of the estate is discovered, or whenever it becomes necessary or proper, for any cause, that letters should be again issued. If the existence of this note and the fact that it was not included in the probate proceedings in either jurisdiction give the petitioners the right to any relief

so far as the proceedings in Idaho are concerned, then it is this section which gives them the relief, and it is not the relief sought in this action. The existence of the $250 note would be no ground for setting aside the decree of distribution in the face of sec. 5650.

Our conclusion is that the defendant's demurrer to plaintiffs' petition should be sustained, for the reason that the facts set forth in the petition and admitted by the demurrer are not sufficient to justify the court in making the alternative writ peremptory.

It came out on the trial that on April 1, 1914, within the sixty days allowed by law, the petitioners attempted to file in the probate court a notice of appeal from the order of settlement of account and decree of final distribution, and that the defendant refused to file it, fearing that he might be in contempt of the order to show cause and alternative writ which had been issued by this court. The same holds true of an undertaking on appeal which petitioners attempted to file within the sixty days. We think that the probate judge was not justified in his fear that the filing of the notice and undertaking would have been in violation of the order of this court, and that it would have been proper for him to have filed them. As this is not an action to compel him to do so, we make no order in the matter; nor do we express any opinion as to whether or not the appeal would lie, nor, if so, what conclusion should be reached upon such appeal. If the probate judge files said notice of appeal and undertaking *nunc pro tunc,* which he doubtless will do, such questions will be considered and decided, when, if ever, they are properly presented to this court for decision.

Defendants' demurrer to plaintiffs' petition is sustained and the alternative writ is hereby quashed. Costs awarded to defendants.

Ailshie, C. J., and Sullivan, J., concur.