(No. 4831.   November 18, 1927.)

## J. W. McALLISTER, Respondent, v. JOHN A. ERICKSON and ERIC ERICKSON, Appellants.

[261 Pac. 242.]

ORDER OF DISMISSAL A FINAL JUDGMENT — MOTION TO VACATE — DISMISSAL FOR WANT OF PROSECUTION—NOTICE TO PLAINTIFF NOT REQUIRED.

1. An order of dismissal is a "final judgment" from which appeal may be taken.

2. Under C. S., sec. 6726, as amended by Laws 1921, chap. 235, maximum reasonable time within which to vacate judgment on ground that it was taken through mistake, inadvertence, surprise or excusable neglect, where court had jurisdiction to make judgment and same was not wholly void, is six months from adjournment of term.

3. Where trial court dismissed case for want of prosecution, it was immaterial whether defendants were present on date of trial and presented motion for dismissal, under C. S., sec. 6830, par. 3, or whether they subsequently during term presented such motion, since trial court has inherent power to dismiss case for want of prosecution.

4. Where it appeared that plaintiff was not attempting in good faith to press his action and where he failed to appear on date set for trial, after several continuances, court could, without notice to plaintiff, and even without motion by defendant, dismiss action for want of prosecution, since suitors are bound to take notice of steps and proceedings in their causes, and it was duty of plaintiff, after setting of case for day certain, to be in court for trial on that date.

Argument for Appellants.

5. Where order dismissing action for want of prosecution was made in open court after plaintiff had failed to appear after several continuances and shortly before adjournment *sine die*, plaintiff was not entitled to be served with notice, since suitors are bound to take notice of steps and proceedings had in their causes, and it was duty of plaintiff after setting day certain to be in court for trial on that date.

6. Where court had jurisdiction to make order dismissing action for want of prosecution, it had no jurisdiction or power to vacate it on motion filed to reinstate case nearly a year from adjournment of term, under C. S., sec. 6726, as amended by Laws 1921, chap. 235.

APPEAL from the District Court of the Eleventh Judicial District, for Minidoka County. Hon. T. Bailey Lee, Judge.

Appeal from an order reinstating action after dismissal. *Reversed and remanded.*

W. W. Mattinson, for Appellants.

Application to vacate, on the ground of inadvertence, surprise, excusable neglect or mistake, an order of dismissal for want of prosecution, must be made within six months from the adjournment of the term at which order was made and entered. (C. S., sec. 6726, as amended by Sess. Laws 1921, chap. 235, p. 526.)

Where such application is made and filed nearly a year after the adjournment of the term, the court is without power or jurisdiction to vacate the order of dismissal and reinstate the cause. (*Vane v. Jones*, 13 Ida. 21, 26, 88 Pac.

Publisher's Note.

1. What are final appealable judgments and orders, see notes in 60 Am. Dec. 427; 20 Am. St. 173. See, also, 2 R. C. L. 42.

4. See 9 R. C. L. 206.

See Appeal and Error, 3 C. J., sec. 332, p. 497, n. 26.

Dismissal and Nonsuit, 18 C. J., sec. 110, p. 1191, n. 14, p. 1192, n. 18; sec. 126, p. 1199, n. 49; sec. 128, p. 1200, n. 67; sec. 142, p. 1206, n. 5.

Judgments, 34 C. J., sec. 487, p. 258, n. 99, p. 260, n. 1.

1058; *Bunnell & Eno etc. Co. v. Curtis*, 5 Ida. 652, 659, 51 Pac. 767; *Connolly v. Probate Court*, 25 Ida. 35, 136 Pac. 205; *Chandler v. Probate Court*, 26 Ida. 173, 141 Pac. 635; *Paul v. Paul*, 28 Ariz. 598, 238 Pac. 399.)

Where the litigant making such application bases it on the ground of neglect of his attorney, he must show that he himself is without neglect or default in the case. (C. S., sec. 6726, as amended by Sess. Laws 1921, chap. 235, p. 526.)

Harmon E. Hosier, for Respondent.

Defendants failed to comply with statute in the dismissal of this action (C. S., sec. 6380) for want of prosecution.

If defendants were not present at the time that the case was set for trial to make their request of the court for dismissal for want of prosecution, then they must serve notice upon the adverse party that they will request the dismissal of the action for want of prosecution. (C. S., sec. 7196.)

C. S., sec. 6726, does not apply in this case because the judgment was void and should be set aside by the court at any time the court's attention is called to the fact.

ADAIR, Commissioner.—On September 20, 1922, the respondent commenced an action against appellants. After issue was joined, the cause was continued from time to time until the February, 1924, term of court, when it was set down to be tried by jury on March 5, 1924, on which date neither the respondent nor his attorney appeared, and the trial was passed. On March 17th, by order entered in the minutes of the court, the action was dismissed for want of prosecution. The term of said court ended March 18, 1924. On March 14, 1925, respondent filed a motion to reinstate the case. The motion was resisted by appellants, but after a hearing thereon the court vacated the judgment of dismissal and this appeal is from such order.

The only assignment of error necessary to be considered here is that the court was without jurisdiction or power to make the order reinstating the action. C. S., sec. 6726, as amended by chap. 235, Sess. Laws of 1921, provides in effect

that the court may, in its discretion, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and that the court may grant such relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term. This section further provides that in case a party, otherwise without fault, but through the neglect of his attorney, has had judgment or order entered against him, the court shall set the same aside, upon application filed within the time above specified.

[1] Nearly a year had elapsed after the adjournment of the term during which the order of dismissal had been entered before the filing of the motion to vacate such order and reinstate the cause. An order of dismissal is a final judgment from which an appeal may be taken.

[2] In construing sec. 6726, *supra,* this court has repeatedly held that if it was within the power and jurisdiction of the trial court to make the judgment or order entered, and the same was not wholly void, the application for relief therefrom must be made within the time prescribed in said section. The maximum reasonable time within which to move to vacate the judgment is six months from the adjournment of the term. (*Chandler v. Probate Court,* 26 Ida. 173, 141 Pac. 635; *Connolly v. Probate Court,* 25 Ida. 35, 136 Pac. 205; *Vane v. Jones,* 13 Ida. 21, 88 Pac. 1058; *Brunnell & Eno Inv. Co. v. Curtis,* 5 Ida. 652, 51 Pac. 767.)

On the other hand, it has been held that this section does not govern if the court was utterly without jurisdiction to make the original order or judgment against which relief is sought. (*Kline v. Shoup,* 38 Ida. 202, 220 Pac. 45; *Zaring v. Lavatta,* 36 Ida. 459, 211 Pac. 557; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Kerns v. Morgan,* 11 Ida. 572, 83 Pac. 954.)

Therefore, the question here for determination is: Did the court have jurisdiction to make and enter the judgment of dismissal, without notice to respondent or his counsel? No notice of motion, or rule to show cause, was served, and

respondent contends that, in the absence of notice, the order dismissing his action was void and beyond the jurisdiction of the court.

[3, 4]  Paragraph 3 of C. S., sec. 6830, which provides for the dismissal of actions under various circumstances, reads as follows:

"By the court, when the plaintiff fails to appear on the trial, and defendant appears and asks for the dismissal."

Respondent takes the position that the court minutes do not show that the appellants were present on March 5th, the date fixed for the trial, and that it does not appear therefrom that the appellants then or later moved for the dismissal of the action. An affidavit appears in the record showing that the order of dismissal was entered in response to an oral motion made by appellants. It is immaterial whether appellants were present on the date of trial, or whether they, on that date or subsequently during the term, presented a motion for dismissal. A trial court has the inherent power to dismiss a case for want of prosecution. (*People v. Jefferds,* 126 Cal. 296, 58 Pac. 704.) It may do so of its own motion, if the plaintiff fails or refuses to prosecute his suit with reasonable diligence. Where it appears that a plaintiff is not attempting in good faith to press his action, and especially as here, where he fails to appear on the date set for trial, after several continuances, the court has the undoubted right, without notice to such party, and even without motion by the defendant, to dismiss the action for want of prosecution.

[5]  The order was made in open court, after respondent had failed to appear, and shortly before the adjournment *sine die.* Under such circumstances, respondent was not entitled to be served with notice. Suitors are bound to take notice of the steps and proceedings had in their causes, and they are required to and should be in court attending to their business in person or through their counsel.

"In the absence of a rule of court to the contrary, one who is in court by service of process or appearance is bound to take notice of all subsequent action on the part of the

court." (*Joseph T. Ryerson & Son v. Crawford Locomotive & Car Co.*, 187 Ill. App. 641.)

See, also, *J. M. West Lumber Co. v. Lyon*, 53 Tex. Civ. App. 648, 116 S. W. 652; *University v. Lassiter*, 83 N. C. 38; *Kohn v. Wagner*, 1 Rob. (La.) 275.

Obviously, it was the duty of respondent, after the setting of the case for a day certain, to be in court for trial on that date. The state or condition of this case thereafter was the result of his own neglect or omission, or that of his counsel. The order entered was a consequence thereof, and he knew or should have known that the action was subject to dismissal because of his failure to appear for trial. He had ample opportunity to ascertain what had transpired, and was charged with the duty of making investigation or inquiry as to the status of the case. Under such circumstances, notice to him was not required.

[6] It follows that the lower court had jurisdiction to make the order of dismissal, and the motion to vacate the same came squarely within the limitation of C. S., sec. 6726, *supra*. The time for setting such judgment aside had expired, and the court had no jurisdiction or power to vacate it.

For approximately a year after the making of the order, during which time knowledge thereof is imputed to him, respondent failed to take any steps toward the reinstatement of his case. Such negligence and procrastination should not have the approval of any court. An application to vacate the judgment of dismissal, made after that lapse of time, would not merit favorable consideration, even though jurisdiction had still remained in the district court to grant the same.

We recommend that the order of the lower court appealed from be reversed, and that the cause be remanded, with instructions to dismiss the suit, and that costs be awarded to appellants.

Featherstone and Babcock, CC., concur.

The foregoing is approved as the opinion of the court. The order of the trial court is reversed and the cause re-

manded, with instructions to dismiss the suit. Costs to appellants.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

.T. Bailey Lee, J., disqualified.