392 P.2d 202

Don H. HANSEN and Gladys Hansen, Plaintiffs-Appellants,

v.

Wm. FIREBAUGH, LaDonna Firebaugh, his wife, John Firebaugh, Marion Toogood and Mrs. Marion Toogood, Defendants-Respondents.

No. 9365.

Supreme Court of Idaho.

May 4, 1964.

Black & Black, Pocatello, for appellants.

Furey & Furey, Salmon, for respondents.

KNUDSON, Chief Justice.

On June 23, 1960, appellants-plaintiffs commenced this action against respondents-defendants, seeking damages allegedly resulting from breach of contract and for wrongful conversion of appellants' personal property. Answer and counterclaim was filed September 20, 1960. On September 27, 1960, appellants served and filed a notice that the case was at issue and ready for trial before a jury.

On February 27, 1961, appellants' former attorney filed notice of withdrawal, and on March 3, 1961, respondents filed a "Notice and Demand to Retain Counsel", with certificate of mailing to appellants. Thereafter the case was set for trial to commence May 22, 1961, but this trial setting was vacated because of the failure of appellants to appear. The case was next set for trial to commence on November 10, 1961, at which time appellants failed to appear and the trial setting was cancelled upon application of one of appellants' former attorneys. The court, on this occasion, advised that further continuance would not be tolerated. Thereafter the court set the case to be tried on April 17, 1963. On April 15, 1963, appellants filed their motion for continuance stating that their then attorney had withdrawn and that the attorney they thereafter consulted was unable to try the case on the date set.

At 10:00 o'clock a. m. on the date set for trial (April 17, 1963) the court announced that this case was the matter before the court, whereupon the attorneys for respondents (defendants) announced that "The defendants and their witnesses are present and ready for trial." The appellants did not appear personally or by counsel. Following the call of the case for trial respondents moved that appellants' amended complaint be dismissed for lack of prosecution, which motion was granted. This appeal is from the order of dismissal.

The assignments of error in substance allege that the court erred in denying appellants' motion for continuance and entering order of dismissal.

■ It must be conceded that by the great weight of authority the power of courts to dismiss a case because of a failure to prosecute with due diligence is inherent and independent of any statute or

rule of court (17 Am.Jur. 151 § 77). Such authority has been recognized by this court. Werner Piano Co. v. Baker, 35 Idaho 496, 207 P. 588; Nielson v. Old Charles Dickens Mining Co., 51 Idaho 40, 1 P.2d 193; Mc-Allister v. Erickson, 45 Idaho 211, 261 P. 242.

Independent of such inherent authority it is specifically provided in I.R.C.P., Rule 41(b), as follows:

> "Rule 41(b). *Involuntary dismissal— Effect thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for lack of an indispensable party, operates as an adjudication upon the merits."

Insofar as said rule is pertinent to this case, the above quoted portion is identical to Rule 41(b) of the Federal Rules of Civil Procedure, which has been construed as recognizing the inherent power of the courts to dismiss an action for failure to prosecute with diligence. In Ordnance Gauge Company v. Jacquard Knitting Machine Co. (D.C., Pa.1958), 21 F.R.D. 575, affirmed 3 Cir., 265 F.2d 189, the court said:

> "Courts, and particularly courts of equity, have, and always have had, inherent power to dismiss pending actions for lack of diligence in bringing them to trial. Zielinski v. United States, 2 Cir., 120 F.2d 792. Rule 41 (b), 28 U.S.C.A., did not take away or limit this power but recognized it and incorporated it in a code of procedure."
> * * *

In this connection the text writer, in 5 Moore's Federal Practice (Second Edition) 1036, stated:

> "Rule 41(b) clearly places dismissal for failure to prosecute in the court's discretion."

Also in 2B, Barron & Holtzoff, Federal Practice and Procedure, 138, § 918, it is stated:

> "Rule 41(b) expressly authorizes dismissal for want of prosecution and thus gives formal sanction to what has long been regarded as an inherent power of the court." * * *

■ Appellants cite authorities and make argument in support of a contention that a "default judgment" should not have been entered in this case. Such contention creates confusion as to the issues sought to be raised by appellants, since this case does

not involve a default judgment—it is concerned only with an order of dismissal. However, assuming that appellants intended to attack the validity of the order of dismissal, we now shall consider appellants' contention that the motion to dismiss should have been heard pursuant to notice. This same contention was answered in the case of McAllister v. Erickson, supra, wherein this court said:

> * * * "A trial court has the inherent power to dismiss a case for want of prosecution. People v. Jefferds, 126 Cal. 296, 58 P. 704. It may do so of its own motion, if the plaintiff fails or refuses to prosecute his suit with reasonable diligence. Where it appears that a plaintiff is not attempting in good faith to press his action, and especially as here, where he fails to appear on the date set for trial, after several continuances, the court has the undoubted right, *without notice to such party*, and even without motion by the defendant, to dismiss the action for want of prosecution." [emphasis supplied]

The foregoing mentioned case is cited with approval in Stilwell v. Weiser Iron Works, 66 Idaho 227, 157 P.2d 86.

In Cage v. Cage (Cir.5th, 1934), 74 F. 2d 377, the court said:

> * * * "Every court has the inherent power in term time, *without no-tice*, to set cases appearing on its docket for hearing and to dismiss cases for want of, or unreasonable delay in, prosecution." * * * [emphasis supplied]

In Zielinski v. United States (Cir.2d, 1941), 120 F.2d 792, the court, after referring to a rule of the district court relating to giving notice, stated:

> * * * "The court otherwise has inherent power to dismiss a cause for lack of prosecution *without notice.*" * * * [emphasis supplied]

It is equally clear that the question of dismissing an action for failure to prosecute it in a timely manner is generally one for the discretion of the trial court and its ruling will not be reversed except for manifest abuse of such discretion (80 A.L.R.2d 1402, § 2). In Werner Piano Co. v. Baker, supra, this court stated:

> "A judgment of the district court dismissing an action for lack of prosecution should be reversed only for an abuse of discretion." * * *

The following quotation is from Hicks v. Bekins Moving & Storage Co. (Cir.9th, 1940), 115 F.2d 406, to wit:

> " 'The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination, and unless it is

made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal.'" ·

* * *

Appellants acknowledge that the trial court had discretionary authority to grant or deny the motion for continuance but contends that the court abused such discretion. To resolve tl.e issue here presented necessitates a review of the facts.

At the time of presenting the motion to dismiss and in conjunction therewith, respondents advised the court that if 'the motion be granted respondents would waive any claim they had made against appellants by counterclaim; that respondents again tendered to appellants all personal property which was found in the house in controversy at the time of its repossession by respondents. Respondents also offered four exhibits, each relating to their motion, which were admitted by the court.

It was averred in the motion to dismiss that the first trial setting of this case was on May 22, 1961, which setting was cancelled by reason of the failure of appellants to appear. No notice was given respondents that appellants would not appear at that time. Respondents had traveled from Osborn, Idaho, to Salmon, Idaho (a round-trip distance of 600 miles) in order to be present at that time.

The next setting was for November 10, 1961, at which time Mr. Robert Hillman, a recently retained attorney, appeared on behalf of appellants and obtained continuance for the stated reason that appellants were not able to be present. No notice had been given to respondents or their attorney that appellants would not be ready for trial on that date and consequently respondents traveled from Casper, Wyoming, to Salmon, Idaho (a round-trip distance of 1200 miles), with all of the attending expense of travel, lodging and loss of time from work. On this occasion appellants' attorney was advised by the court that no additional continuances would be granted.

The next trial setting was for April 17, 1963, at which time respondents were again present and prepared for trial, having traveled from Superior, Montana, to Salmon, Idaho. Appellants neither appeared in person nor were they represented by counsel. On April 15, 1963, appellants, through their present counsel, filed their motion for continuance, stating that their former attorney, W. K. Naylor, had recently withdrawn and that their present attorney, whom appellants contacted upon receipt of notice of Mr. Naylor's withdrawal, would not be able to try the case unless a continuance of the trial date could be obtained. Although it is stated in the affidavit of appellant, Don H. Hansen, filed in support of this motion for continuance, that he did not receive copy of the notice of with-

drawal filed by Mr. Naylor until April 4, 1963, the trial court had before it exhibit No. 4, which was introduced in opposition to said motion, which exhibit is a letter addressed to counsel for respondents by Mr. Naylor dated March 27, 1963, the pertinent portion of which is as follows:

"Sherman F. Furey, Jr.
Attorney at Law
Salmon, Idaho

Re: Hansen v. Firebaugh
Case No. 4145

Dear Mr. Furey:

I am withdrawing as attorney for the above named plaintiffs, which I must do because I am now employed by the State of Idaho as an attorney in the legal division of the Department of Highways. I enclose a copy of my withdrawal.

I talked with Mr. Hansen by phone ten days ago and told him of my withdrawal so the withdrawal is not as late as it may appear.

Yours very truly,
/s/ W. Kent Naylor"

It is clear that the court gave due consideration to appellants' motion for continuance and supporting affidavit but was convinced that appellants had been dilatory in the prosecution of this case. The record shows that there have been at least four substitutions of attorneys for appellants during the course of this litigation. In this connection we deem it only fair to present counsel for appellants to state that they have only recently become connected with the case and are in no manner responsible for the delay in the prosecution of this action.

Following the presentation of respondents' motion to dismiss the court made the following quoted statement:

"JUDGE MONSON: The Court has before it Affidavit and Motion for Continuance filed on plaintiffs' behalf by his present counsel, Mr. John Black; the Court has considered the facts set forth in the Affidavit and has considered the Motion for continuance, and the Court is familiar with the previous settings for trial of this matter, and the cancellation of settings at the instance of the plaintiffs and the reasons set forth by counsel in his Motion to Dismiss are substantially as the record discloses, and as the Court recalls the instances in connection with each cancellation of setting; the Court distinctly recalls the cancellation of a setting of this matter for hearing on the 10th day of November, 1961, at which time the Court advised plaintiffs' counsel, Robert K. Hillman, that there would be no further continuances granted by

the Court, that this matter would be disposed of at the next setting for trial, and that he should make this fact known and impress upon his clients that further continuances would not be tolerated; this statement was made to plaintiffs' counsel based upon the fact that the Court considered the repeated continuances to be a hardship on the defendants, that it has caused unnecessary expenditures of money for travel and preparation for trial; the Court now believes that any further continuances of this matter would not be in the interest of justice, and not consistent with the statements of the Court to plaintiffs' prior counsel, and for this reason, and for the further reason that the plaintiffs have been *deletory* in the prosecution of this case, and notwithstanding they have had ample opportunity to be heard in Court and have not availed themselves of that opportunity."

■ One of the factors properly considered by the court in exercising its discretion was the effect of delay upon the adverse party. Here it appears that appellants' repeated delays have substantially prejudiced respondents by reason of the expense of traveling substantial distances to be present for trial on the trial dates; loss of time and the expense of retaining their attorney, who at all times remained prepared and ready to proceed with the defense of the action. In accord with the expression of other courts, we too feel that it is consonant with sound reason that a plaintiff who hails a defendant into court assumes, and, so long as he has the affirmative of the main issue, retains the duty of diligent prosecution (see Congdon v. Aumiller, 79 Wash. 616, 140 P. 912).

■ In view of the time this case has been pending (in excess of three years), in view of the failure of appellants to appear at the times fixed for the trial of this action, in view of the emphatic notice given by the court to attorney for appellants at the time they applied for a continuance the second time that no additional continuance would be granted, in view of the absence of averment of facts by appellants disclosing the exercise of reasonable diligence in the preparation of the case for trial, and in view of all the attending circumstances, we conclude that the court did not abuse its discretion in dismissing the action with prejudice. The order appealed from is affirmed. Costs to respondents.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.