401 P.2d 810

Stewart L. BECKMAN, Plaintiff-Appellant,

v.

Clarence A. BECKMAN, Defendant-Respondent.

No. 9424.

Supreme Court of Idaho.

May 3, 1965.

Frank F. Kibler, Nampa, for appellant.

Elam, Burke, Jeppesen & Evans, Boise, for respondent.

SMITH, Justice.

This is an appeal from an order denying appellant's motion to reinstate his action for damages for personal injuries, dismissed under I.R.C.P. 41(b) for failure to prosecute. The issues on appeal are whether the trial court had jurisdiction to entertain the motion under I.R.C.P. 60(b), and whether the court abused its discretion in denying the motion. The facts which give rise to the appeal are not in dispute.

September 29, 1958, appellant sustained injuries by the overturning of respondent's alleged defective tractor while performing farm work for respondent. September 14, 1960, appellant brought this action seeking to recover damages from respondent, on account of the personal injuries, alleging that respondent knew of the defective condition of the tractor, did not warn appellant thereof, and that respondent's negligence in the premises constituted the proximate cause for the accident and resultant injuries.

December 1, 1960, respondent moved for an order extending the time to plead to the complaint and on the same day the court made an order granting respondent an extension to January 5, 1961. This motion and order were filed December 20, 1960.

December 13, 1960, respondent filed a motion to dismiss the action for alleged failure to state a claim upon which relief could be granted, together with a showing of service upon appellant's counsel.

January 4, 1961, respondent served interrogatories upon appellant; January 13, 1961, appellant filed his answers to the interrogatories. August 31, 1961, respondent filed the deposition of Stewart L. Beckman.

October 28, 1961, before disposition of respondent's motion to dismiss, and before respondent had filed an answer, appellant served upon respondent's counsel a notice to the effect that the cause was at issue on all questions of law and fact, and filed such instrument October 30, 1961. January 28, 1963, the court dismissed the action for failure to prosecute the action.

Counsel for appellant, September 12, 1963, by motion filed, sought an order vacating the dismissal and an order reinstating the action, alleging "grounds of excusable neglect of counsel, and the misapprehension of counsel". In a supporting affidavit, appellant's counsel stated that prior to January 28, 1963, he "inquired of the Clerk [of the trial court] about the status of this case and was informed that same was on the court calendar and that it was necessary for counsel to be present at the call before the case could be set and affiant indicated that he would be present at the call on the date above stated [January 28, 1963], and on said date counsel was detained in Nampa, Idaho, * * * and * * * your affiant overlooked and forgot temporarily said cause [pending] at Emmett, Idaho, * * * no formal judgment of dismissal has been entered, and af-

fiant was never advised of such entry, and discovered the same early in September, 1963, when he inspected the records of the Clerk's office in Emmett, Idaho, * * *."

The counter affidavit of one of respondent's counsel sets forth that the case was pending ever since September 14, 1960, and the taking of a deposition April 18, 1961, at respondent's request; that the cause "came up for calendar call but since counsel for plaintiff was not present the matter was not set for trial; that the defendant would be prejudiced by reinstating this action after so long a time had passed"; that the great length of time which had transpired from the time of commencement of the action to its dismissal in January 1963, "indicates [neither] the plaintiff nor his counsel have been anxious to press the matter," and that plaintiff had not shown that he acted with due diligence.

The minutes of the court reflect the following: September 26, 1960, the case was "Passed"; December 20, 1960, the order granting respondent time to plead was filed; January 23, 1961, September 25, 1961, January 22, 1962, and September 24, 1962, the case was "Passed"; January 28, 1963, the case was "Dismissed under the rule"; September 23, 1963, the motion for reinstatement was argued by counsel and, September 26, 1963, denied.

Appellant in asserting that the trial court erred in dismissing the action "under the rule" and in not granting appellant's motion to reinstate, contends that the court's minute entry of dismissal "is not in legal form a judgment of anything".

McAllister v. Erickson, 45 Idaho 211, 261 P. 242 (1927), involved an order, by minute entry, of dismissal for want of prosecution, and a motion to reinstate the cause. The Court held that such order of dismissal was a final judgment from which an appeal could be taken.

In Marshall v. Enns, 39 Idaho 744, 230 P. 46 (1924), this Court adopted the reasoning of Zoller v. McDonald, 23 Cal. 136 (1863), as follows:

" '*   *   * It matters not in what form the determination of the suit is put; so that it embodies the final action of the court, it is sufficient.' " 39 Idaho at 746, 230 P. at 47.

The Court also referred to Marks v. Keenan, 140 Cal. 33, 34, 73 P. 751 (1903), which involved an order of dismissal entered in the minutes of the court, but not in the judgment book in which judgments generally must be entered as then required by Cal.Code of Civ.Proc. Sec. 668. The ruling of the California Supreme Court that such a dismissal "finally and entirely disposes of the whole case," was adopted by this Court as applicable in the Marshall case. See also Hansen v. Firebaugh, 87 Idaho 202, 392 P.2d 202 (1964).

Appellant next assigns error of the trial court in not causing appellant's counsel to be notified that the case was not at issue, and allowing counsel to take appropriate steps to bring the case to trial.

The record shows that appellant caused notice to be filed to the effect that the cause was at issue for trial on both issues of law and fact. Additionally, however, the record shows that the case was at issue on a question of law raised by the filing of respondent's motion for dismissal of the action for failure to state a claim upon which relief can be granted; and although such motion was duly served December 12, 1960, upon appellant's counsel, and filed December 13, 1960, appellant never noticed up the motion for disposition by the court.

■ A trial court has the power to dismiss a case because of failure to prosecute with due diligence; such power is inherent and independent of any statute or rule of court. See Hansen v. Firebaugh, 87 Idaho 202, 392 P.2d 202 (1964), wherein this Court pointed out that I.R.C.P. 41 (b), insofar as it authorized involuntary dismissal for failure to prosecute, was identical to Rule 41(b) of the Federal Rules of Civil Procedure; and that Zielinski v. United States, (2nd Cir. 1941) 120 F.2d 792, ruled that the Federal Rule 41(b) "did not take away or limit this power but recognized it and incorporated it in a code of

civil procedure." See also Barron and Holtzoff, Federal Practice and Procedure, Vol. 2B, § 918 (Rules Ed.1961). A trial court may dismiss such an action without notice. McAllister v. Erickson, supra; Cage v. Cage (5th Cir. 1934), 74 F.2d 377; Zielinski v. United States, supra.

■ The trial court correctly refused to reinstate the case considering the express language of I.R.C.P. Rule 60(b), as follows:

"On motion and upon such terms as are just, the court may relieve a party of his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six months in a district court, and not more than ten (10) days in justices' and probate courts after the judgment, order, or proceeding was entered or taken. * * *."

Here the record shows that appellant did not move to reinstate the case until September 11, 1963, more than six months after the dismissal of the action on January 28, 1963. The language of the rule is unequivocal. When a motion to reinstate is made on the grounds of inadvertence and excusable neglect, it must come within six months after the dismissal.

The trial court's order or judgment dismissing an action for lack of prosecution will be reversed only for an abuse of discretion. Werner Piano Co. v. Baker, 35 Idaho 496, 207 P. 588 (1922); Hansen v. Firebaugh, supra; Hicks v. Bekins Moving & Storage Co., (9th Cir. 1940) 115 F.2d 406. We are constrained to the view that the trial court did not abuse its discretion.

The order of dismissal is affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.