490 P.2d 318

Paul COX, Plaintiff-Appellant,

v.

Ray L. WIDMER, Defendant-Respondent.

No. 10910.

Supreme Court of Idaho.

Oct. 28, 1971.

Leonard O. Kingsford, Soda Springs, for plaintiff-appellant.

R. M. Whittier, Pocatello, for defendant-respondent.

DONALDSON, Justice.

This is an appeal from an order of the district court dismissing the action of Paul Cox, plaintiff-appellant, for failure to prosecute. The issues presented are (1) whether the trial court erred in restricting plaintiff's examination of defendant to matters within his personal knowledge, and (2) whether the trial court abused its discretion in dismissing the case for failure to prosecute.

This action was instituted by plaintiff on January 6, 1967, to recover a balance due on a conditional sale contract and on a promissory note. Over a period of several years, there were extensive legal proceedings in connection with the case; finally, on November 12, 1970, an order was issued by the district court setting the case for

trial before a jury on December 9, 1970. Pursuant to an agreement of court and counsel, the matter was later set for trial on December 16, 1970 at 10:00 a. m.

When the trial began, counsel for plaintiff was present, but plaintiff himself was absent. Plaintiff denied having received word of the trial, although his counsel believed then, and believes now, that plaintiff was so informed. The jury was selected, and counsel for plaintiff made an opening statement. Then, since plaintiff was not there to testify, his counsel called defendant as an adverse witness. The trial court restricted the scope of examination to those facts peculiarly within the knowledge of the witness and not to be furnished by another witness. Examination of defendant was completed just prior to the noon recess. When the court reconvened after the recess, counsel for plaintiff moved for the privilege of recalling the witness for examination without the restriction previously imposed by the district judge. This motion was denied. Then when counsel for plaintiff was unable to proceed further without the testimony of his client, he requested a reasonable delay to permit arrival of plaintiff, who was allegedly on his way. This request was denied, and when counsel for plaintiff did not proceed further with his case, the trial judge dismissed it for lack of prosecution. The attorney for plaintiff excepted to both rulings.

■ Appellant contends that the trial court erred in refusing to allow plaintiff's counsel to examine defendant fully on all matters pertaining to his cause of action. We disagree.

In Shrives v. Talbot, 88 Idaho 209, 398 P.2d 448 (1965), this Court reviewed at length the authorities on the question raised here and concluded that under I.R. C.P. 43(b) an adverse party can be examined only as to matters which are peculiar-

ly within his knowledge and which are not otherwise readily available. This point was reiterated in Montgomery v. Montgomery, 89 Idaho 319, 325, 404 P.2d 610, 613 (1965). Therefore, we affirm the district court's ruling with respect to the scope of examination of an adverse party.

■ Appellant's next assignment of error is that the trial court abused its discretion in dismissing this case for lack of prosecution. More specifically, appellant argues that under pertinent Idaho statutory law (I.C. § 10–705), the court had no authority to dismiss on its own motion. The power of courts to dismiss a case because of a failure to prosecute with due diligence is inherent and independent of any statute or rule. Beckman v. Beckman, 88 Idaho 522, 401 P.2d 810 (1965); Hansen v. Firebaugh, 87 Idaho 202, 392 P.2d 202 (1964). A trial court may dismiss for failure to prosecute on its own motion; no motion by defendant is necessary. McAllister v. Erickson, 45 Idaho 211, 261 P. 242 (1927).

■ In his brief, counsel for appellant contends that the action of the court in dismissing this case was unduly harsh in that plaintiff was on his way, and a severe snowstorm and blizzard were then prevailing. Although no evidence or testimony in the record indicates the presence of such a storm, counsel claims support for his contention in the court's comment as he released the jury: "So, you are excused to go and I thank you and good luck on the slippery roads." In the opinion of this Court, this comment by the Judge is insufficient to establish that a severe snowstorm and blizzard were prevailing between plaintiff's home and the place of trial.

■ The procedure to be followed by a party desiring to postpone a trial is set forth in I.C. §§ 10–109 and 10–110. In Pauley v. Salmon River Lumber Co., 74 Idaho 483, 264 P.2d 466 (1953), this Court construed § 10–109 [1] and indicated the cir-

---

1. I.C. § 10–109:

"A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state.

cumstances under which the refusal to grant a continuance requested on the ground of the absence of a material witness would amount to an abuse of discretion. An abuse of discretion will be found where an application for such a continuance (1) is made in good faith, (2) shows that reasonable diligence has been exercised to obtain the presence of the witness, (3) shows substantially to what the witness would testify and that such testimony is material, and (4) shows a sufficient reason for the absence of the witness by the affidavit of an affiant in position to know the facts. In this case, no showing was made as to what plaintiff would testify; nor was any affidavit filed in support of the contention that plaintiff, delayed by inclement weather and bad roads, was on his way to the place of trial. The record presented here does not come close to being one which would require this Court to find an abuse of discretion.

The prior history of this case lends further support to the district court's decision to dismiss for failure to prosecute; it is a history of delay and lack of due diligence. This is no reflection upon plaintiff's present attorney, who did not appear on behalf of plaintiff until July of 1969. Prior to this date, plaintiff's action had been dismissed twice. The first dismissal occurred when plaintiff did not appear either by counsel or in person at a hearing on defendant's motion to dismiss. The second was granted because (1) plaintiff had failed to employ new counsel pursuant to notice and order of the court and (2) the matter had not been prosecuted in a timely fashion. These facts may well have influenced the trial court in its decision to order the dismissal being challenged here.

The question of dismissing an action for failure to prosecute is generally one for the discretion of the trial court, and its ruling will not be reversed except for man-

upon affidavit, the evidence which he expects to obtain; and if the adverse party thereupon admit that such evidence would be given, and that it be considered as ac-

ifest abuse of discretion. Beckman v. Beckman, *supra;* Hansen v. Firebaugh, *supra.* In light of the record presented on appeal and the prior history of this case, there was no abuse of discretion by the district court.

The order of dismissal is affirmed. Costs to respondent.

McQUADE, C. J., McFADDEN and SHEPARD, JJ., and MAYNARD, District Judge, concur.

tually given on the trial, or offered and overruled as improper, the trial must not be postponed."