524 P.2d 162

John Wesley **WARDEN** and Gary Warden, **Plaintiffs-Appellants,**

v.

G. T. **LATHAN, Defendant-Respondent.**

No. 11383.

Supreme Court of Idaho.

July 10, 1974.

David A. Frazier, Coeur d'Alene, for plaintiffs-appellants.

E. L. Miller, Coeur d'Alene, V. R. Clements, Lewiston, for defendant-respondent.

BAKES, Justice.

This appeal arises out of a judgment of the district court dismissing with preju-

dice under I.R.C.P. 41(b) plaintiff-appellants John Wesley Warden's and Gary Warden's complaint for failure to prosecute their action. The original complaint was filed on April 24, 1969. According to the minutes of the court clerk, the case was ready for trial on January 8, 1971. Thereafter, the case was passed on four successive calendar calls. On March 29, 1973, appellants requested a trial setting. On April 5, 1973, respondent filed a motion to dismiss for lack of prosecution, supported by an affidavit alleging prejudice caused by the lack of availability of material witnesses. After a hearing the district court granted respondent's motion to dismiss.

It is well settled in this jurisdiction that the trial court has the authority to dismiss a case because of a failure to prosecute, and that the trial court's exercise of such authority will not be disturbed on appeal unless it is shown that there was a manifest abuse of discretion. I.R.C.P. 41(b); Cox v. Widmer, 94 Idaho 451, 490 P.2d 318 (1971); Beckman v. Beckman, 88 Idaho 522, 401 P.2d 810 (1965); Hansen v. Firebaugh, 87 Idaho 202, 392 P.2d 202 (1964); 5 Moore's, Federal Practice 1115, 2d Ed., 1974, § 41–11 [2].

We are mindful that all of the delay in this case might not be attributable solely to appellants. However, ". . . a plaintiff who hails a defendant into court assumes, and, so long as he has the affirmative of the main issue, retains the duty of diligent prosecution," Hansen v. Firebaugh, *supra*, at p. 209, 392 P.2d at p. 206. This case has been pending in excess of five years. It was passed on four successive calendar calls, and over two years elapsed between the time the case was ready for trial and the time appellant requested a trial setting. In view of all the attending circumstances, we cannot say that the court abused its discretion in dismissing the action with prejudice.

The judgment appealed from is affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.