688 P.2d 1189

**Robert and Colleen BARTLETT, husband and wife, Plaintiffs-Appellants,**

v.

**Donald PEAK, Defendant-Respondent.**

**No. 14894.**

Supreme Court of Idaho.

Oct. 3, 1984.

Douglas F. Rose, Shoshone, for plaintiffs-appellants.

J. Walter Sinclair, Twin Falls, for defendant-respondent.

HUNTLEY, Justice.

The sole issue on appeal is whether the trial court abused its discretion in granting defendant's motion to dismiss pursuant to Rule 41(b).

Colleen Bartlett had an automobile collision with a black calf, allegedly owned by Donald Peak, on November 20, 1979. Mrs. Bartlett suffered serious injuries from the accident, and three months later, on February 27, 1980, she and her husband brought suit against Mr. Peak seeking damages. The following month, on March 28, 1980, Mr. Peak filed his answer to the complaint. Approximately four months later, upon request, appellants sent an authorization to

counsel for Mr. Peak to obtain Colleen Bartlett's medical records. This was evidently appellants' last outward action in the case until approximately a year and seven months later when, on May 10, 1982, they filed their request for a trial setting. As early as August 28, 1980, respondent filed a set of interrogatories, which were never answered. Between the time of appellants' last filing, in February of 1980, and their request for trial setting, a period of over two years and three months elapsed during which time no discovery was conducted nor any filings made.

On May 20, 1982, respondent filed a response to appellants' request for a trial setting, objecting on the basis that there had been no discovery in the case. Nevertheless, on August 13, 1982, the matter was set for trial for the following April 4, 1983. On August 27, 1982, respondent filed a motion to compel answers to the interrogatories. A hearing on the motion was noticed for October 12, 1982. Counsel for both sides appeared on October 12, but due to a scheduling error no hearing was held. In October, 1982, respondents moved to dismiss the complaint with prejudice pursuant to I.R.C.P. 41(b). A hearing on that motion was held in November, after which the court dismissed the case with prejudice.

■ I.R.C.P. 41(b) provides in pertinent part: "For failure of the appellant to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Hence, the court has the power to dismiss for failure to prosecute, and the standard of review for the district court's determination to dismiss is "manifest abuse of discretion." *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 605 P.2d 959 (1980).

■ Appellants attempt to distinguish the instant case from *Kirkham* on the ground that in *Kirkham* the trial court dismissed a matter on its own motion in light of the plaintiff's failure to comply with a local district court rule which specifically provided for procedures to be followed in the prosecution of an action. Appellants point to the fact that in the Fifth

Judicial District, where the instant case was pending, there are no such local rules. This distinction is simply not relevant, since the trial court's power to dismiss a case because of failure to prosecute with due diligence is inherent and independent of any statute or rule of court. *Warden v. Lathan*, 96 Idaho 34, 524 P.2d 162 (1974), *Cox v. Widmer*, 94 Idaho 451, 490 P.2d 318 (1971), *Beckman v. Beckman*, 88 Idaho 522, 401 P.2d 810 (1965), *Hansen v. Firebaugh*, 87 Idaho 202, 392 P.2d 202 (1964).

In determining whether appellants' failure to prosecute constituted bad faith, the trial court considered the asserted justification for the delay as well as the prejudice which had inured to the respondent. The transcript of the hearing on respondent's motion to dismiss indicates that the court heard testimony to the effect that appellants did not cooperate with their attorney, Mr. Rose, seldom responded to his communications, and failed to provide requested assistance in answering respondent's interrogatories. Also, there was evidence that appellants had informed Mr. Rose that they intended to substitute counsel; however, no action was taken to effect such a substitution. Counsel for respondent claimed that his client had been prejudiced because of the expenses incurred in preparing to defend the suit. The trial court agreed, and indicated that there could be other prejudice as well.

■ Appellants accede that the sole reason for their failure to proceed with the prosecution was the difficulty they encountered in ascertaining the extent of Mrs. Bartlett's injuries and the damages to be claimed. It is well established, however, that a plaintiff who hails a defendant into court assumes, and, so long as he has the affirmative of the main issue, retains the duty of diligent prosecution. *Hansen v. Firebaugh, supra*. Appellants cite no authority and research reveals no case wherein a plaintiff's inability to accurately assess the extent of damages prior to trial in a personal injury case relieved a plaintiff from this duty. It is settled in this jurisdiction that so long as the underlying cause of action is established, uncertainty as to the amount of damages will not bar recovery.

*Smith v. Daniels,* 93 Idaho 716, 471 P.2d 571 (1970), *Big Butte Ranch, Inc. v. Grasmick,* 91 Idaho 6, 415 P.2d 48 (1966), *Curzon v. Wells Cargo, Inc.,* 86 Idaho 38, 382 P.2d 906 (1963), *Conley v. Amalgamated Sugar Co.,* 74 Idaho 416, 263 P.2d 705 (1953), *DeWiner v. Nelson,* 54 Idaho 560, 33 P.2d 356 (1934). It then stands to reason that where, as here, a plaintiff encounters difficulty in arriving at the exact amount of damages, he is not entitled to delay in prosecuting the case. We note that this is not a case where the sanctioned misconduct is attributable to appellant's attorney. Rather, the record tends to show that appellants personally failed to exercise due diligence in the prosecution of their case.

In light of these facts and circumstances, it cannot be said that the trial court abused its discretion in dismissing the case with prejudice. The judgment of the trial court is accordingly affirmed.

Costs to respondent. No attorneys fees.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.