80

## WATERMAN v. POWELL.
### No. 6516.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1933.

J. J. Enderton, of Cristobal, Canal Zone, for appellant.

Chauncey P. Fairman, of Cristobal, Canal Zone, for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment sustaining a plea of prescription and dismissing the suit. The material facts appearing from the record are these. Appellant, a resident of the Republic of Panama, was injured in an accident in the Canal Zone on December 17, 1928, by the overturning of a bus, owned by appellee and operated as a common carrier, on which he was riding as a passenger. He filed suit to recover damages for personal injuries sustained in the accident, in the District Court for the Canal Zone, on July 30, 1929. The suit was dismissed on October 14, 1929, because of appellant's failure to give a stipulation for costs as required by rule 19 of the District Court. On December 16, 1929, he filed a motion for reinstatement of the case and an amended motion to the same effect on January 18, 1930. The motion as amended was denied on April 21, 1930. The present suit to recover on the same cause of action was filed on October 14, 1930. Appellee filed a plea of prescription of one year. This was sustained and the suit was dismissed.

Appellant contends that the prescription applicable is three years under article 2358 of the Civil Code of the Canal Zone. This is untenable. The said article 2358 is in conflict with section 42, of the Code of Civil Procedure of the Canal Zone, which provides a prescription of one year for such actions, and is therefore repealed by section 820 of the Code of Civil Procedure, adopted by executive order March 22, 1907. McGrath v. Panama R. Co. (C. C. A.) 298 F. 303.

Appellant further contends that the institution of the first suit and the application to reinstate it interrupted the prescription of one year so that it began to run anew after the dismissal of the first suit.

Whether the institution of a suit interrupts the running of the statute of limitations, if the suit is dismissed for causes other than a final decision on the merits, depends upon the law of the jurisdiction where it is instituted. Willard v. Wood, 164 U. S. 502, 17 S. Ct. 176, 41 L. Ed. 531. The case of Gaines v. Hennen, 24 How. 533, 16 L. Ed. 770, relied upon by appellant, is not to the contrary. That case arose under the law of Louisiana which expressly provides for the interruption of prescription by suit. In the Canal Zone the only statute applicable when a suit is so dismissed is section 48 of the Code of Civil Procedure, which provides that if an action is commenced in due time and the plaintiff fail otherwise than upon the merits, and the time limit for the commencement of such action has expired, the plaintiff may commence a new action within one year after such date. The first suit was dismissed on October 14, 1929, and not on April 21, 1930,

when the motion to reinstate was denied. The time for bringing action had not expired and appellant had some two months in which to bring another suit. The statute has no application to the suit at bar.

Affirmed.