## ZIELINSKI v. UNITED STATES.
### No. 210.

Circuit Court of Appeals, Second Circuit.
March 6, 1939.

Magavern & Magavern, of Buffalo, N. Y. (Edmund Clynes, of Rochester, N. Y., of counsel), for appellant.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Robert M. Hitchcock, Asst. U. S. Atty., of Dunkirk, N. Y., of counsel), for the United States.

Before AUGUSTUS N. HAND and CHASE, Circuit Judges, and PATTERSON, District Judge.

PER CURIAM.

The above action was brought in the District Court for the Western District of New York on February 25, 1932, to recover upon a policy of war risk insurance taken out by Thaddeus Zielinski, the plaintiff's deceased husband. The United States filed no answer. The action was begun by William A. Fox as the plaintiff's attorney. Fox was disbarred by the Appellate Division of the Supreme Court of New York on September 27, 1933. In re William A. Fox, 240 App.Div. 804, 266 N.Y.S. 967. Rule 1(5) of the Western District provides that: "Any member of the bar who has been disbarred from the bar of the state in which he was admitted to practice shall have his name stricken from the roll of attorneys of this court."

If this rule had been complied with, the name of Fox would have been stricken from the rolls and in any event he was not after September 20, 1933, the lawful attor-

ney or counsel for the plaintiff in the present action.

On November 10, 1936, the case was placed on the dismissal calendar by the Clerk of the District Court, no action having been had therein within a year, and was dismissed in open court by an order signed by the Clerk "for lack of prosecution, without prejudice to renew", pursuant to local Rule 8, which is as follows: "In any case which might have been brought to trial but in which no action, has been taken by the parties for one year, it should be the duty of the Clerk to mail notice thereof to counsel of record or to the parties thereto, if their post office addresses are known, thirty days before the opening of the March and November Terms of Court in each year. If such notice has been given and no sufficient cause be shown at the opening of such Term of Court, an order of dismissal should be entered as of course."

On October 5th, 1936, Mr. Hitchcock, an Assistant United States Attorney for the Western District of New York, having ascertained that Fox had been disbarred, wrote the plaintiff that Fox had ceased practicing law and said that he understood that Willard J. Magavern then represented her. He asked her to communicate with the District Attorney's office at her earliest convenience so that arrangements might be made to discontinue or proceed with the action. She, however, states that she never received the letter. In June and July, 1936, Mr. Hitchcock telephoned Mr. Magavern at his office three times and left word for him to telephone Hitchcock in reference to the case, but without answer. The Clerk mailed notice of the call of the case pursuant to Rule 8 but only to the disbarred attorney Fox and to the United States Attorney, and the action was dismissed without notice to the plaintiff herself.

■ The case was improperly placed on the call calendar by the clerk and was irregularly dismissed not only because there was no notice either to the plaintiff or to any attorney authorized to represent her as Rule 8 required but because Section 240 of the New York Civil Practice Act provides that if an attorney is suspended "no further proceedings shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party either personally or in such manner as the court directs".

Not until February, 1938, did Magavern appear for the plaintiff and move to continue the action in place of the disbarred lawyer. This application as well as a subsequent one made on further affidavits was denied.

It is argued on behalf of the defendant that the motion was properly denied because (1) the term had long expired when the motion by the plaintiff was made, (2) if the term had not expired the plaintiff had delayed action so long that the court exercised proper discretion in denying relief.

The first point is not well taken for it was due to the mistake of the Clerk that the case was ever placed on the dismissal calendar when the plaintiff's attorney had been disbarred and when, according to the provision of Section 240 of the New York Civil Practice Act, "no further proceeding shall be taken in the action * * * until thirty days after notice to appoint another attorney has been given * * *" and when no notice of the motion to dismiss had been given to the plaintiff or to her attorney (for she had none) required by local Rule 8 of the District Court. United States v. Mayer, 235 U.S. 55, 67, 35 S. Ct. 16, 59 L.Ed. 129; United States v. Sterling, 2 Cir., 70 F.2d 708.

■ In spite of the jurisdiction of the District Court to correct the error caused by the mistake of the Clerk we think that the plaintiff was properly denied the right to continue the action. The action was begun seven years ago and was dismissed more than two years ago. Not until about sixteen months thereafter was a motion made to restore the case to the calendar and to allow the plaintiff to proceed. Neither the plaintiff nor her present attorney has shown when he first began to represent her and why the motions were not more promptly made, nor did either offer any proof showing why the cause of action is meritorious. Memories fail and witnesses disappear. We see no reason to revive a cause of action that must be of approximately twenty years' standing under such circumstances.

Order affirmed.