## ZIELINSKI v. UNITED STATES.
### No. 247.

Circuit Court of Appeals, Second Circuit.
June 6, 1941.

---

It may be true that that order cannot be deemed final until affirmed on appeal, so that the extra year granted by the statute does not begin to run until final action by the appellate court. See Wooster v. Forty-Second Street & G. St. Ferry R. Co., 71 N.Y. 471, 473; Richard v. American Union Bank, 225 App.Div. 634, 639, 234 N.Y.S. 177, affirmed 253 N.Y. 166, 170 N.E. 532, 69 A.L.R. 667, construing an analogous provision in N. Y. Civil Practice Act, § 23. The appeal to this court was from the denial of the motion to reinstate and not from the original dismissal, so unless the order of the clerk was a nullity and not merely erroneous the appeal cannot serve to extend the period for filing an additional suit.

Edmund Clynes, of Rochester, N. Y., for appellant.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Robert M. Hitchcock, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

This is an action on a policy of war risk insurance. It was commenced March 4, 1940. This was too late under 38 U.S.C.A. § 445, unless the dismissal of a prior action on the same policy occurred within one year. The prior action commenced in 1932 was dismissed by the clerk in open court for lack of prosecution in 1936. At that time the plaintiff's attorney of record had been disbarred so that the plaintiff was not represented in court and the case was dismissed without notice to the plaintiff herself, contrary to Rule 8 of the District Court Rules. Thereafter, in 1938, she moved by another attorney to restore the action to the calendar; a denial of that motion was affirmed by this court on March 6, 1939. Zielinski v. United States, 2 Cir., 102 F.2d 469. The plaintiff now urges that the 1936 order of dismissal was void, that the order denying restoration to the calendar must be treated as the first dismissal and that such order did not become final until its affirmance on March 6, 1939.

If the action of the clerk in dismissing the action was a nullity, then the first order effecting a dismissal of the action must be deemed that of the district court in 1938 denying the motion to reinstate.

The clerk's action here cannot be deemed a nullity. While it is true that an entry of judgment by a clerk with respect to subject matter beyond his authority has been deemed void, Bouker Contracting v. Neale, 161 App.Div. 617, 146 N.Y.S. 894, the same principle is not applicable when he has authority to act, as here, but has failed to follow the prescribed procedure. The necessity of notice in Rule 8 of the District Court Rules is a self-imposed judicial limitation. The court otherwise has inherent power to dismiss a cause for lack of prosecution without notice. Cage v. Cage, 5 Cir., 74 F.2d 377, 378; Des Moines Union R. Co. v. District Court of Polk County, 170 Iowa 568, 153 N.W. 217; the latter case holding that failure to give notice was not even an error in spite of a court rule requiring it. While, as our prior opinion in 102 F.2d 469 indicates, we do not ignore the court rule, nevertheless we are not prepared to give it such dignity as to render action taken in violation of it a complete nullity. Granting that the action of the clerk was erroneous, in the absence of an appeal from it the dismissal still stands and the new action should have been filed within a year from its date. See Jewell v. United States, D.C.W.D.Ky., 27 F.Supp. 836, 838. The denial of the motion to reinstate was not a dismissal and did not extend the statutory limitation for bringing suit. See Waterman v. Powell, 5 Cir., 66 F.2d 80. Therefore the present action was brought too late.

Judgment affirmed.