**In re COYNE ELECTRICAL CONTRACTORS, INC.,**
Debtor.

**Coyne Electrical Contractors, Inc., Plaintiff,**

v.

**Bank Leumi USA, f/k/a Bank Leumi Trust Company of New York,**
Defendant.

Bankruptcy No. 98 B 20787 (ASH).
Adversary No. 98–5164A.

United States Bankruptcy Court,
S.D. New York,
White Plains Division.

March 11, 1999.

Matthew B. King, Wolman, Babitt & King, L.L.P., New York City, for Debtor.

### *MEMORANDUM AND ORDER DISMISSING ADVERSARY PROCEEDING FOR VIOLATION OF SCHEDULING ORDER AND LACK OF PROSECUTION*

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

This adversary proceeding was commenced on May 26, 1998. The initial pretrial conference was held on or about July 16, 1998, at which time plaintiff's attorney filled out by hand a standard form Scheduling Order requiring completion of discovery and the filing of a Joint Pretrial Order by specified dates and a final pretrial conference on October 20, 1998.

The parties failed to comply with the Scheduling Order. My Confidential File Note dictated immediately following the October 20 final pretrial conference states:

At the final pretrial conference on October 20 the attorney for the plaintiff stated that discovery had not proceeded because of serious personal health problems of the defendant's attorney. The parties will present a final amended scheduling order providing for discovery to be completed by November 30, joint pretrial order by December 10 and final pretrial conference on December 22. It is likely that the parties will make cross-motions for summary judgment returnable December 22.

By letter dated November 25, 1998, jointly signed by plaintiff's and defendant's counsel, the parties requested that the Scheduling Order "be extended one final time through

January 15, 1999, which would provide sufficient time, accounting for the usual downtime of the holidays, to complete discovery and file the appropriate motions or orders shortly thereafter." Once again, not knowing the facts, I agreed to a "final" extension of the Scheduling Order, with January 15 as the deadline to complete discovery and January 28 as the date for final pretrial conference or the return date for the parties' cross-motions for summary judgment.

Once again, the parties failed to comply with the final amended schedule. Discovery was not completed by January 15, and neither party ever filed a motion for summary judgment. The final pretrial conference on January 28 was attended by one of the two attorneys who has actively participated in the case for defendant and by a substitute attorney on behalf of the plaintiff. Regular counsel for plaintiff in the adversary proceeding was away on vacation. At the outset of the January 28 conference defendant's attorney stated that because of a delay in producing documents and the two key witnesses for the plaintiff, their depositions had not been taken until after January 15, and that defendant had one or more additional depositions that they wished to take. The substitute attorney for plaintiff, who had no involvement in or knowledge of the adversary proceeding, informed the Court that she had been instructed by regular counsel to agree to a further adjournment of the deadline to complete discovery and to file motions for summary judgment.

The transcript of the January 28, 1999 final pretrial conference is a matter of record and need not be summarized. Suffice it to say that, after being further informed of the plaintiff's delay in providing documents and witnesses to be deposed (deposition notices for whom were served in July 1998), I dismissed the adversary proceeding for plaintiff's lack of prosecution and failure to comply with the several Scheduling Orders of the Court, and I instructed counsel for the defendant to settle an order of dismissal.

Plaintiff's counsel then filed an "Opposition to Entry of Proposed Order Dismissing Adversary Proceeding" dated February 3, 1999 (the "February 3 Opposition"), and the Court scheduled March 3, 1999 as the date for hearing oral argument on the proposed dismissal order, the debtor's opposition and an "Affirmation in Further Support of Order Dismissing Adversary Proceeding" filed on behalf of the defendant.

Both the February 3 Opposition and the facts elicited at the March 3 hearing confirm this Court's determination at the January 28 final pretrial conference to dismiss this adversary proceeding for lack of prosecution and violation of the Court's Scheduling Orders. Thus, in paragraph 18 of the February 3 Opposition, under the heading "Debtor's Discovery Is Complete—No Want of Prosecution," counsel asserted that

the Debtor merely needed certain documents with respect to the perfection of the Bank's lien to be in a position to either try this matter or file a motion for summary judgment. To that end, the Debtor served a document request, dated November 10, 1998. The Bank did not produce these documents until the morning of Mr. Casey's deposition, January 19, 1999. As of that date, the Debtor was ready for trial or filing a motion for summary judgment.

In so stating, plaintiff's attorney conceded that he did not even file a document request on behalf of the plaintiff until November 10, 1998, over one month *after* the deadline to complete discovery set forth in the initial Scheduling Order. Counsel conceded in the February 3 Opposition, that plaintiff "merely needed certain documents" to be in a position to either try the case or file a summary judgment motion, that those documents were not even requested until November 10, and that apparently without any objection and certainly without any application to the Court counsel permitted the defendant to withhold the documents until long after the November 30 deadline had expired.

Moreover, it was revealed during oral argument at the March 3 hearing that the documents sought in the November 10 document request were not, in fact, necessary to litigate the claims asserted in the adversary complaint. Responding to questions by the Court, counsel acknowledged that all of the plaintiff's claims in the adversary proceeding were based upon documents, that all the

documents had been in the plaintiff's or its counsel's possession since commencement of the adversary proceeding, that no document discovery or other discovery was required on behalf of the plaintiff in order to file its motion for summary judgment and that the February 10 document request concerned matters extraneous to the plaintiff's basic claims against the defendant in the adversary proceeding. In short, counsel acknowledged that plaintiff could have moved for summary judgment at the very outset of the adversary proceeding. Such a motion, and any cross-motion by the defendant, would have either resolved the adversary proceeding forthwith or identified the precise factual issues requiring discovery.[1]

■ Adversary proceedings in Chapter 11 cases have the capacity to delay a debtor's reorganization interminably if not rigorously scheduled and monitored. Ordinary litigation in state or federal court generally affects only the immediate parties, plaintiff and defendant. In a Chapter 11 case, adversary proceedings affect not only the parties to the proceeding but all parties in interest in the Chapter 11 case. Delay in an adversary proceeding prejudices not only the parties to the proceeding but all parties in interest in the Chapter 11 case.

■ For these reasons, it is the long-established policy of this Court to require the parties to complete a standard form Scheduling Order which provides for very prompt deadlines for the completion of discovery, the filing of a standard form Joint Pretrial Order and a final pretrial conference, with the knowledge that a trial may be scheduled in as little as one week. The standard form Scheduling Order and Joint Pretrial Order contain bracketed, bold print warnings and admonitions to counsel that compliance with the Scheduling Order and the Joint Pretrial Order *is required*, and that failure to comply may result in the imposition of sanctions in the form of preclusion at trial, default judgment or dismissal for lack of prosecution. Similar oral admonitions are made by the

Court at the initial pretrial conference of every adversary proceeding so that there is no misunderstanding on the part of counsel as to their obligations under the Scheduling Order and the Joint Pretrial Order.

■ The policy underlying rigorous adherence to the Scheduling Order and the Joint Pretrial Order is based upon the necessity to administer all contested matters and adversary proceedings in a Chapter 11 case as promptly as possible for the benefit of the parties to the adversary proceeding and all parties in interest in the Chapter 11 case.

■ It should be noted that the dates provided in the Scheduling Order are selected *by counsel for the parties themselves.* It is and should be a rare case when events intervene requiring extension of those deadlines.

■ In this case it is clear, based upon the February 3 Opposition and the disclosures at the March 3 hearing, that the parties' repeated requests for extensions in the deadlines for completion of discovery were not based upon good cause but were simply the result of the failure of the parties and counsel expeditiously to conduct discovery. Indeed, plaintiff's attorney ultimately acknowledged at the March 3 hearing that plaintiff could have moved on the basis of the documentary evidence then available to the plaintiff for summary judgment at the very threshold of the adversary proceeding, without any discovery. Plaintiff's failure to promptly move for summary judgment has resulted in months of delay and the incurring by both parties of substantial attorneys' fees which might have been rendered entirely unnecessary if the plaintiff had promptly moved for summary judgment.

■ In opposing dismissal plaintiff's counsel argued that the delays in the adversary proceeding related almost exclusively to the accomplishment of defendant's discovery requirements and, further, that plaintiff should not be penalized for counsel's professional

---

1. It was also revealed at the March 3 hearing that the delay due to the purported illness of defendant's counsel allegedly necessitating an extension of the initial Scheduling Order deadlines was nothing more than a one-week delay to enable defendant's lead attorney to visit his then-ailing (now healthy) father.

courtesy in granting extensions of time to opposing counsel. Of course, professional courtesy between adversaries is generally essential to the expeditious and economical resolution of disputes, and contrary behavior of counsel may result in sanctions where it impedes the litigation process and unnecessarily proliferates costs. But the argument has no force in the context of this case. First, no adequate explanation has been provided why witnesses and documents duly requested in writing in July 1998 were not produced by plaintiff until late January 1999. Second, it is not up to counsel, in the exercise of professional courtesy, to extend his own or his adversary's Court-ordered deadlines. Scheduling Orders and other orders of the Court may be amended and deadlines extended only by order of the Court, upon timely and proper application, and only for good cause shown. *See* Fed.R.Bankr.P. 7016 which incorporates Fed.R.Civ.P. 16 to apply to adversary proceedings. Rule 16(b) provides, in relevant part:

A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

*See also SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir.1990) (Federal Rules of Civil Procedure "generally require entry of a scheduling order covering time limits for the completion of major events during the course of a civil action. . . . [s]cheduling orders are not to be modified by the trial court except when authorized by local rule upon a showing of good cause"); *Payne v. Ryder Sys., Inc. Long Term Disability Plan,* 173 F.R.D. 537, 540 (M.D.Fla. 1997) ("[t]he timetable established by the Case Management and Scheduling Order is binding upon the parties . . . a court may modify the order 'upon a showing of good cause' ") (citing Rule 16); *Goewey v. United States,* 886 F.Supp. 1268, 1283 (D.S.C.1995), *aff'd,* 106 F.3d 390 (4th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998) ("[a] scheduling order [under Rule 16(b)] is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"); *Marcum v. Zimmer,* 163 F.R.D. 250, 253, 255 (S.D.W.Va.1995) ("a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 [of Federal Rules of Civil Procedure] in 'secur[ing] the just, speedy, and inexpensive determination of every action. . . .' [i]f the trial judge is to be the case manager . . . the trial judge must be given the tools to craft appropriate enforceable schedules for pretrial events and the ultimate resolution of the case").

 If a party would be precluded from complying with its own obligations under a Scheduling Order by an extension of the adversary's time to fulfill its obligations, *both* proceed at their own risk without Court approval. Thus, if the plaintiff agrees to extend the defendant's discovery deadline and thereby defaults in its own obligation to file a Joint Pretrial Order, or move for summary judgment, or appear ready for trial at a final pretrial conference, it is the plaintiff whose case may be jeopardized for lack of prosecution and violation of the Scheduling Order. Similar jeopardy applies to the defendant in the reverse situation. This Court cannot fairly, economically and expeditiously administer its docket if parties to litigation are at liberty to abuse the process and ignore or violate orders of the Court, such as the Scheduling Orders, without consequence. *See Robert Bonfiglio v. Centro Evangelista Jahova Shannah (In re Bonfiglio),* 231 B.R. 197 (Bankr.S.D.N.Y.1999). The burden to comply with the Scheduling Order, prepare and file a Joint Pretrial Order and expeditiously prosecute an adversary proceeding necessarily rests upon the plaintiff and its counsel. If timely compliance is obstructed by default or delay of the defendant, the burden is on the plaintiff to make an appropriate application to the Court including, where necessary, an application for a default judgment. *See William Curreri v. Joseph Curreri (In re Curreri),* 231 B.R. 199 (Bankr. S.D.N.Y.1999).

The failure of the plaintiff and its counsel to comply with these obligations in this adversary proceeding is manifest. Accordingly,

the adversary proceeding is hereby DIS-MISSED, with prejudice.

It is SO ORDERED.