**In re Joseph S. CURRERI and Christine Curreri, Debtors.**

**William Curreri, Plaintiff,**

**v.**

**Joseph Curreri, Defendant.**

**Bankruptcy No. 98 B 20646(ASH).**

**Adversary No. 98–5153A.**

United States Bankruptcy Court, S.D. New York, White Plains Division.

March 11, 1999.

Debra S. Bereck, Isaacson & Bereck, New York City, for Debtor.

Eric Kurtzman, Spring Valley, NY, Trustee.

*AMENDED DECISION AND ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT*[1]

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

By notice of motion dated January 13, 1999 counsel for defendant-debtor Joseph Curreri ("Joseph") has moved to vacate an order dated November 10, 1998 ("November 10 Order") entered by this Court which granted a default judgment against Joseph in favor of plaintiff William Curreri ("William") in the above adversary proceeding. The adversary proceeding was brought by William against Joseph seeking to declare non-dischargeable a 1994 judgment in the amount of $272,286.45 obtained by William against Joseph in an action brought in United States District Court for the District of New Jersey (the "New Jersey District Court Judgment"). The New Jersey District Court Judgment, like the November 10 Order, was entered upon Joseph's default.

This Court has jurisdiction over the adversary proceeding and this motion under 28 U.S.C. §§ 1334(a) and 157(a) and the standing order dated July 10, 1984 of Acting Chief Judge Robert J. Ward, and the matter before me is a core proceeding under 28 U.S.C. § 157(b).

As set forth below, Joseph's motion to vacate the November 10 Order is denied.

### Background

Joseph and his wife Christine Curreri filed their voluntary petition under Chapter 7 of the Bankruptcy Code in March 1998. On May 14, 1998 William filed his complaint in this adversary proceeding seeking a determination of non-dischargeability with respect to the New Jersey District Court Judgment and promptly caused the summons and complaint to be served upon Joseph. Joseph defaulted by failing to answer the complaint. On June 23, 1998 William served upon Joseph and his attorney and filed with the Clerk of the Court a "Request to Enter Default and Declaration."

Belatedly, on July 2, 1998 Joseph served an answer to the complaint, and he appeared at the initial pretrial conference in the adversary proceeding held on July 14, 1998 to request that his default be excused and that he be given an opportunity to defend the adversary proceeding on the merits. Joseph's request was granted and a Scheduling Order was prepared by the parties and signed by the Court on July 17, 1998 providing for completion of discovery not later than October 15, submission of a joint pretrial order on or before October 26 and a final pretrial conference on November 10, 1998. William's attorney promptly served upon Joseph (who was acting *pro se* in the adversary proceeding) a request for production of documents, a first set of interrogatories, a notice of deposition, second set of interrogatories and a request for admissions. Because Joseph made no response to any of these discovery requests, William's attorney forwarded copies of the discovery requests to Joseph's bankruptcy counsel by memorandum dated September 18, 1998. Despite warnings from William's attorney, Joseph did not appear for his deposition and failed to comply with any of William's discovery. In short, Joseph completely ignored all of the discovery initiated by William and took no action whatever to defend himself, either pro se or through his bankruptcy counsel, who had full and timely knowledge of all of the requested discovery and of Joseph's failure to make any response.

As a consequence, by motion dated October 23, 1998 William moved for a default judgment pursuant to Bankruptcy Rules 7037[2] and 7055 on notice to Joseph and

---

**1.** See *Robert Bonfiglio v. Centro Evangelista Jahova Shannah (In re Bonfiglio)*, 231 B.R. 197 (Bankr.S.D.N.Y.1999) and *Coyne Electrical Contractors, Inc. v. Bank Leumi, etc. (In re Coyne Electrical Contractors, Inc.)*, 231 B.R. 204 (Bankr.S.D.N.Y.1999) also published on March 11, 1999 regarding the dismissal of adversary proceedings for lack of prosecution and violation of scheduling orders.

**2.** Rule 7037(b) provides in pertinent part:

**(b) Failure to Comply with Order.**
\*\*\*
(2) Sanctions by court in which action is pending. ... [t]he court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
\*\*\*
(C) An order striking out pleadings or parts thereof, or staying further proceedings until

Joseph's bankruptcy counsel. The motion for a default judgment was returnable on November 10, 1998 at which time Joseph appeared, made some oral statements into the record, but offered no substantive opposition to the motion. Thus, the November 10 Order was granted on default.

The instant motion is defective on its face for failure to comply with local Rule 9013–1(b) requiring the submission of a memorandum of law in support of any motion. The defect is significant, because the motion contains no legal analysis of the requirements for reopening a judgment. The moving affidavit of Joseph's attorney contains no legal analysis or authority whatever, and summarizes in conclusory language the purported grounds for the motion as follows:

- "the defendant has a meritorious defense" ("plaintiff never relied on any alleged representations or misrepresentations made by defendant"; "[any] such reliance was wholly unreasonable"; defendant "never had any intent to misrepresent facts to the plaintiff")
- "the primary reason that the defendant defaulted in his discovery obligations was fraudulent misrepresentations made by the plaintiff that he would not seek an excessive amount from the defendant"
- "the defendant has a reputation for honesty, integrity and generosity".

The last item is purportedly substantiated by some ten "To whom it may concern" letters from various individuals, each accompanied by an affidavit attesting to the truth of the matters set forth in the letter. These letters and affidavits are factually and legally irrelevant to the motion to vacate and would not be admissible in a trial on the merits of William's claims under Section 523(a).

■ Before turning to Joseph's affidavit, it is useful to make brief reference to Rule 55 of the Federal Rules of Civil Procedure, made applicable in this Court by Bankruptcy Rule 7055. Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has

been entered, may likewise set it aside in accordance with Rule 60(b)." The willfulness of the default, the existence of a meritorious defense and prejudice to one against whom relief is sought are factors in determining "good cause" sufficient to warrant vacatur of a default order or judgment. *See In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir.1996); *Sony Corp. v. S.W.I. Trading Inc.*, 104 F.R.D. 535 (S.D.N.Y.1985); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993).

There is no question in this case as to Joseph's willfulness in defaulting. He acknowledges in his affidavit (¶ 7) "that my failure to participate in discovery (the substance of my previous default) was not 'excusable' or 'inadvertent' as those terms are used or defined in Rule 60(b)." Joseph defaulted in the underlying New Jersey District Court Action resulting in 1994 in the Default Judgment in that case. He defaulted at the outset of this adversary proceeding and had to petition the Court at the July 14, 1998 initial pretrial conference to excuse his default so that he could defend the adversary proceeding on the merits. There is no question that he fully understood his obligations to respond to the discovery promptly served upon him as a *pro se* litigant by William's attorneys. He consciously and intentionally chose to ignore all discovery and to take no action whatever to defend himself in the adversary proceeding despite both oral and written communications to him (as a *pro se* litigant) by William's attorney and despite the fact that the discovery notices and Joseph's refusal to respond thereto were communicated orally and in writing to Joseph's bankruptcy counsel in mid-September. Despite repeated warnings both oral and written that refusal to comply with discovery requests might result in a default judgment against him, Joseph chose to ignore all discovery. He even ignored William's motion for a default judgment. In short, Joseph's default in this case was both willful and egregious.

The only reference to any legal authority in the motion to vacate is, inappropriately, contained in Joseph's affidavit. He states

the order is obeyed, or dismissing the action or proceeding or any part thereof, or render-

ing a judgment by default against the disobedient party;

(¶ 5) that he believes he has grounds for relief under Federal Rule of Civil Procedure 60(b)(2), (3) and (6) (made applicable in these proceedings under Bankruptcy Rule 9024). Each subsection of Rule 60(b) will be considered.

■ Rule 60(b)(2) permits relief from a final judgment or order on account of "newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." There are two obvious obstacles to Joseph's reliance on subsection (2). First, newly-discovered evidence might be cause to vacate an order or judgment which was based on evidence and would be affected by newly-discovered evidence. But in this case the November 10 Order was not based on evidence; it was entered as the only meaningful sanction for Joseph's willful refusal to comply with any of his obligations respecting discovery. Newly-discovered evidence, if there were any, would be irrelevant to Joseph's consistent pattern of willful default in the long history of his litigation with his brother. Second, Joseph has not identified any newly-discovered evidence.

■ Subsection (3) of Rule 60(b) permits vacatur upon a showing of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Once again, however, reliance on subsection (3) is misplaced because the November 10 Order was based solely on the conduct of Joseph in willfully defaulting on his obligations as a litigant in this adversary proceeding. *See Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2d Cir.1964), *cert. dismissed,* 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965) ("where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction [judgment by default] is fully justified and should not be disturbed"); *In re Lawrence,* 227 B.R. 907, 916–17 (Bankr. S.D.Fla.1998) ("When the Court reviews the evidence presented and determines that a litigant has engaged in willful and bad faith failure to meet his discovery obligations, the Court is empowered to impose sanctions …

includ[ing] a default judgment against the Debtor."); Fed.R.Bank.P. 7037(b)(2)(C). Joseph had it exclusively within his power to avoid the November 10 Order by the simple expedient of complying with William's discovery requests, like any other litigant. A party cannot invoke equitable vacatur under subsection (3) based upon his adversary's fraud or misconduct where the order sought to be vacated was the result of the party's own default. Moreover, the suggestion in Joseph's affidavit that he was induced to default in this adversary proceeding seeking to bar his discharge on a $272,000 judgment because William allegedly represented that he did not intend to collect very much on that judgment is little short of ridiculous.

■ Equally unavailing is Joseph's appeal to the catchall provision of Rule 60(b), subsection (3), which refers to "any other reason justifying relief from the operation of the judgment." The familial and psychological traumas of Joseph's tribulations referred to in his affidavit (¶¶ 12–15) obviously are not grounds for vacatur. Nor will vacatur be granted upon the facile assertion (Joseph affidavit ¶ 9) that "William Curreri has **admitted** that he knew that my failure to pay back the loan he made to me was the result of 'circumstances' which were not in my control and not the result of any intent on my part to defraud him out of his money. He has said this to me as well as many other people in my family." Defenses to wellpleaded claims cannot be predicated on offhand, out of court comments or remarks of this type allegedly made by plaintiffs, any more than claims can be predicated upon conclusory assertions made out of court by defendants. Legal claims and defenses must be based upon concrete, admissible evidence as to substantive facts, not upon such generalized statements as those attributed to William in paragraph 9 of Joseph's affidavit and in the accompanying affidavit of cousin Gary Curreri.

Joseph's argument that "my defense is meritorious" (affidavit ¶ 16) is purportedly set forth in paragraphs 17–23 at pages 5–6 of his affidavit. Some of the purported facts in these paragraphs appear to be an attack upon the underlying New Jersey District Court Judgment (*e.g.,* ¶ 17) which is final,

non-appealable and binding upon both the parties and this Court. Most of these assertions are not relevant to the allegations of the complaint in this adversary proceeding (*e.g.*, ¶¶ 19, 21, 22). Paragraph 20 appears to confirm certain of William's allegations in the adversary complaint, and paragraph 23 is simply Joseph's attestation to his own good character.

On a motion to vacate a default judgment, the requirement of a showing of a meritorious defense does not mean that a party must make a factual and legal presentation sufficient to support summary judgment. But it does require concrete factual and legal submissions demonstrating that there is a reasonable basis for the Court to conclude that the moving party has demonstrated facts and law sufficient to prevail if substantiated at trial. Joseph has made no such showing in his affidavit.

The controversy between the brothers William and Joseph has spanned nearly a decade. Joseph had ample opportunity to defend his interests in the New Jersey District Court Action, and he chose not to. He defaulted in this adversary proceeding and was granted relief from his default and an opportunity to defend on the merits. He chose not to defend, ignored all of his obligations with respect to discovery and the Scheduling Order entered by the Court and he presented no opposition to William's motion for a default judgment. He had ample opportunity between November 10 and the filing of this motion in mid-January 1999, with the assistance of his bankruptcy counsel, to marshal facts and law sufficient to demonstrate meritorious defenses to the claims asserted in the adversary complaint, and he has utterly failed to do so. A time must come when an intentionally defaulting defendant will be bound to his default, and the plaintiff will no longer suffer expense and delay from the defendant's contumacy. That time has arrived in this case.

Joseph's motion to vacate the November 10, 1998 order is denied.

It is SO ORDERED.