**In re Robert BONFIGLIO, Debtor.**

**Robert Bonfiglio, Plaintiff,**

**v.**

**Centro Evangelista Jahova Shammah, Defendant.**

**Bankruptcy No. 97 B 21474(ASH).**
**Adversary No. 98–5007A.**

United States Bankruptcy Court,
S.D. New York,
White Plains Division.

March 11, 1999.

David Griffiths, Rivera & Griffiths, Bronx, NY, for Debtor.

### MEMORANDUM AND ORDER DISMISSING ADVERSARY PROCEEDING FOR LACK OF PROSECUTION AND VIOLATION OF SCHEDULING ORDER

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

This adversary proceeding was commenced on January 16, 1998. The initial pretrial conference was scheduled for March 3 but adjourned to April 14, 1998. A standard form Scheduling Order was signed on April 20, 1998 providing for a final pretrial conference on July 14, 1998. In the normal course the adversary proceeding would have been tried and final judgment rendered by the end of July. However, on July 14 counsel appeared and reported that the adversary proceeding had been settled and that a stipulation of settlement and dismissal would be filed within two weeks. As a consequence, the adversary proceeding was removed from the Court's calendar.

On December 22, 1998, not having received an order closing the adversary proceeding, chambers made the last of several telephone calls to plaintiff's counsel to inquire as to the whereabouts of the stipulation of settlement. Counsel finally responded by letter dated February 24, 1999, stating:

> In belated response to your inquiry concerning the status of this Adversary Proceeding, we have written and called our adversary repeatedly in an attempt to resolve this matter.

> Nonetheless, we have not been able to get the stipulation signed, or any rent paid, as a result we have ask [sic] the Court to please reschedule this matter for a final pretrial conference.

Adversary proceedings in bankruptcy cases involve the interests of parties other than the plaintiff and defendant in the adversary proceeding. Delay in a lawsuit pending in a court other than the Bankruptcy Court may be agreed to by the parties and may prejudice no one other than the parties, but delay in most adversary proceedings affects all parties in interest in the bankruptcy case, not merely the parties to the adversary proceeding. To avoid delay, it is the policy of this Court, as mandated by Rule 16 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7016, to require a Scheduling Order providing for prompt litigation and disposition of every adversary proceeding and to require strict adherence to the Scheduling Order. The burden is on the plaintiff in an adversary proceeding to see to it that the Scheduling Order is complied with and to apply timely to the Court to compel compliance, on pain of the sanctions of default for non-complying defendants [1] and dismissal for lack of prosecution by plaintiffs.[2]

The judicial power to sanction for violation of scheduling orders and lack of prosecution is absolutely essential to a court's ability to control its docket. Experience in this Court has demonstrated that lax enforcement of standard procedures, rules and court orders results in the certainty of lax compliance and equally certain delay and prejudice to parties in interest. The vice of lax enforcement is self-compounding, because counsel form the expectation that failures and violations will be excused and the correlative perception of unfairness resulting from apparently uneven enforcement.

The power to sanction is expressly provided in Federal Rule 16(f), which provides:

> **(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or

---

1. *See Curreri v. Curreri (In re Curreri)*, 231 B.R. 199 (Bankr.S.D.N.Y.1999).

2. *See Coyne Electrical Contractors, Inc. v. Bank Leumi, etc. (In re Coyne Electrical Contractors, Inc.)*, 231 B.R. 204 (Bankr.S.D.N.Y.1999).

party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Federal Rule 37(b)(2)(C) states:

**(b) Failure to Comply with Order.**

\* \* \* \* \* \*

(2) Sanctions by court in which action is pending.... [T]he court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

See *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), *reh'g denied*, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also, Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir.1948); *Zielinski v. United States*, 120 F.2d 792, 793 (2d Cir.1941); *Carnegie National Bank v. City of Wolf Point*, 110 F.2d 569, 572 (9th Cir.1940).

These policies are reflected in the express provisions of the standard forms of Scheduling Order and Joint Pretrial Order required in this Court and in repeated oral admonitions by the Court to counsel in open court.

Plaintiff in this adversary proceeding has ignored the policies described above and the express requirements of the Scheduling Order. Having informed the Court that the adversary proceeding had been settled and should be removed from the July 14, 1998 calendar, plaintiff did nothing further in the proceeding and responded only belatedly by the February 24, 1999 letter to the December 22, 1998 inquiry from chambers as to the whereabouts of the stipulation of settlement. It may or may not be true that a settlement was agreed upon by the parties and that defendant was at fault for failing to execute and return a stipulation. But the burden was on the plaintiff either to obtain and file the stipulation or make an appropriate and timely application to the Court to either enforce the oral agreement of settlement (if there was an enforceable agreement) or promptly reschedule the final pretrial conference. Plaintiff did neither.

Accordingly, it is hereby

ORDERED that the above adversary proceeding be and hereby is dismissed. The dismissal of this adversary proceeding, although final, is without prejudice to the timely assertion of any other rights or remedies of the plaintiff against the defendant under the Bankruptcy Code or otherwise, including the right, if any exists, to enforce a settlement agreement.